O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PENAVICO SHENZEN LOGISTICS, LTD.,<br><br>          Plaintiff,<br>     v.<br><br>DGS LOGISTICS, LLC; PATRICK JACOB; DOES 1–20,<br><br>          Defendants. | Case No. 2:13-cv-08757-ODW(FFMx)<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT AGAINST DEFENDANT DGS LOGISTICS, LLC WITHOUT PREJUDICE [12]** |

## I.   INTRODUCTION

On January 3, 2014, Defendant Patrick Jacob filed a Motion to Set Aside Entry of Default against Defendant DGS Logistics, LLC. (ECF No. 12.) DGS has been unable to obtain counsel to represent itself because Plaintiff Penavico Shenzen Logistics, Ltd. and Jacob must both agree on the selection. Penavico filed an untimely opposition to the Motion, so the Court accordingly struck it. (ECF Nos. 13, 14.) On February 3, 2014, the Court held a hearing on the matter, indicating that Jacob lacked standing to set aside DGS's default in his individual capacity. The Court therefore **DENIES** Jacob's Motion **WITHOUT PREJUDICE**.

## II.   FACTUAL BACKGROUND

Penavico and Jacob joined together to form DGS Logistics—each being a member of the limited-liability company. Penavico and DGS then entered into an

1  agreement under which Penavico was to provide cargo flights for DGS's benefit.
2  (Compl. ¶ 9.)  As a result of Penavico performing its services, DGS owes Penavico
3  some $734,425.88. (*Id.* ¶ 14.)  This amount remains outstanding. (*Id.* ¶ 16.)  DGS
4  also caused Penavico to incur a $74,360 judgment in a Chinese court as the result of
5  failing to supply a proper bill of lading for one shipment. (*Id.* ¶¶ 17–20.)

Beginning in May 2013, Penavico requested that Jacob, a managing member of DGS, account for DGS's capital and turn over accounting records. (*Id.* ¶ 22–24.) Jacob never complied. (*Id.* ¶ 25.)

On August 30, 2013, Penavico filed suit against DGS and Jacob both on behalf of itself and derivatively on behalf of DGS Logistics. (Not. of Removal Ex. A.) Penavico alleged breach-of-contract and related claims against DGS and breach of fiduciary duty against Jacob. (*Id.*)  Defendants thereafter removed the action to this Court. (ECF No 1.)

On October 17, 2013, Penavico served DGS with the summons and Complaint. (Wu Decl. ¶ 4.)  Since DGS never responded, the Clerk of Court entered default against it per Penavico's request. (ECF Nos. 10, 11.)  Jacob—not DGS—then filed this Motion to Set Aside Entry of Default against DGS. (ECF No. 12.)

### III.   LEGAL STANDARD

Under Rule 55(c), a court may set aside entry of default for good cause.  The Ninth Circuit has identified three factors to consider in assessing Rule 55(c)'s good-cause standard: (1) whether the moving party engaged in culpable conduct, (2) prejudice to the nonmoving party, and (3) whether the moving party has any meritorious defenses. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  A finding of any one of these factors suffices to decline to set aside default. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  But judgment by default is only appropriate in "extreme circumstances," as the Federal Rules of Civil Procedure favor judgment on the merits. *Id.*

## IV. DISCUSSION

At the hearing on the Motion, the Court indicated that Jacob lacked standing to move to set aside default against DGS. Under Article III of the United States Constitution, federal courts can only hear actual cases and controversies. U.S. Const., art. III, § 2. Generally, that means that "a litigant must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990) (internal quotation marks omitted). Rather, to have standing to bring suit, a plaintiff must allege "(1) an injury that is (2) 'fairly traceable to the defendant's allegedly unlawful conduct' and that is (3) 'likely to be redressed by the requested relief.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992).

The United States Supreme Court has recognized third-party standing in limited contexts. *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991). The plaintiff must have suffered an "injury in fact" himself, have a close relationship to the third party, and "there must exist some hindrance to the third party's ability to protect his or her own interests." *Id.* at 411.

This case presents a seemingly insoluble, Seven Bridges of Königsberg problem. As a limited-liability company, DGS has a legal, corporate existence. But DGS is really only made up of Penavico—the plaintiff—and Jacob—one of the defendants. For DGS to do business, a natural person must act. It appears that both Penavico and Jacob must agree for DGS to hire counsel. So Penavico—the party which stands to gain the most from the default—has the power to veto whether DGS can obtain the counsel it needs to set aside default. Penavico seems to have exercised that veto, thus leaving DGS unrepresented. And it is well-settled that a company may not represent itself in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993).

Jacob may want to set aside default as to DGS, but he lacks standing to do so. First, DGS is a separate legal entity from DGS. Jacob admits that much when he

himself moved to set aside DGS's default in his individual capacity.  He therefore does not have first-person standing to act for DGS.

Second, Jacob and his counsel have an inherent conflict of interest with DGS.  Not only has Penavico sued Jacob, but Penavico has also sued Jacob derivatively on behalf of DGS.  Jacob is thus both a friend and foe to DGS.  In this Janus-esque situation, Jacob's interests are not sufficiently aligned with DGS's interests to satisfy the third-party-standing requirements.  *See Pony v. Cnty. of L.A.*, 433 F.3d 1138, 1147 (9th Cir. 2006).  Without anyone invoking proper Article III standing, the Court cannot entertain whether Rule 55(c) favors setting aside DGS's default.

## V.   CONCLUSION

The Court therefore **DENIES** Jacob's Motion to Set Aside Entry of Default **WITHOUT PREJUDICE**.  (ECF No. 12.)

**IT IS SO ORDERED.**

February 4, 2014

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**